UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

DANIEL AUSTIN HOROWITZ &          )
MARK C. VIGORITO,                 )
                                  )
            Plaintiffs,           )
                                  )
v.                                )
                                  )
THE UNITED STATES OF AMERICA,     )
                                  )
            Defendant.            )
                                  )

## COMPLAINT

1.     This is an action seeking a refund of taxes levied on a married couple of

the same sex that would not have applied to a married straight couple, and which

consequently violates the United States Constitution.

2.     This action presents a constitutional challenge to section 3 of the Defense

of Marriage Act, P.L. 104-199, codified in part as 1 U.S.C. § 7 ("DOMA"). DOMA harms

plaintiffs and other couples of the same sex in considerable economic and other ways,

including preventing married couples of the same sex from filing joint federal tax

returns, which can lessen tax burdens.

3.     Plaintiffs, as set forth below, are being denied their correct spousal status

by the Internal Revenue Service ("IRS") on the basis of DOMA, 1 U.S.C. § 7, and thus

have been required to pay more in federal income taxes than other similarly situated

opposite sex married persons. Plaintiffs seek to file their federal income taxes as a

married couple using the filing status of "Married Filing Jointly" rather than "Single" or

"Head of Household." Plaintiffs filed amended federal income tax returns with the IRS for the tax years 2008 and 2009, seeking to be recognized as married taxpayers and requesting refunds.

4.      This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. Rule 57. It seeks a determination that the IRS is violating the Constitutional rights of the plaintiffs by refusing to recognize lawful marriages. The result of these violations of the Constitution is that the plaintiffs have been denied, and will continue to be denied, legal protections and benefits under federal law that would be available to them if their spouses were of the opposite sex.

<u>Jurisdiction</u>

5.      This action arises under the Constitution of the United States and the laws of the United States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346(a)(1).

<u>Venue</u>

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 1402(a)(1) because plaintiffs reside in this district and the defendant is the United States of America.

<u>Parties</u>

7.      Plaintiff DANIEL AUSTIN HOROWITZ is a United States citizen and resides in Mansfield, Massachusetts.

8.      Plaintiff MARK C. VIGORITO is a United States citizen and resides in Mansfield, Massachusetts.

9.      Defendant THE UNITED STATES OF AMERICA is the proper defendant in a complaint seeking refund of federal income taxes pursuant to 26 U.S.C. § 7422(f)(1).

<u>Facts</u>

10.     Daniel Austin Horowitz and Mark C. Vigorito, as United States citizens, are entitled to equal consideration and treatment from the federal government.

11.     Each of the plaintiffs is married to a person of the same sex. Plaintiffs married to establish and convey the love, commitment, permanency and interconnectedness of a marital relationship, and to nurture and support their family. Their marriage is duly recognized under the law of the Commonwealth of Massachusetts.

12.     DOMA, 1 U.S.C. § 7, burdens the plaintiffs' familial relationships, including their ability to form, support and maintain their marriage and family.

13.     The Supreme Court of the United States has explicitly struck down section 3 of DOMA, 1 U.S.C. § 7, in *United States v. Windsor*, 570 U.S. 12 (2013).

14.     The Supreme Court of the United States found that section 3 of DOMA, 1 U.S.C. § 7, was "a deprivation of the liberty of the person protected by the Fifth Amendment."

15.     The Supreme Court wrote:

DOMA seeks to injure the very class that New York seeks to protect. By doing so it violates basic due process and equal protection principles applicable to the Federal Government. See U.S. Const., Amdt. 5; Boiling v. Sharpe, 347 U.S. 497 (1954).

When New York adopted a law to permit same-sex marriage, it sought to eliminate inequality; but DOMA frustrates that objective through a system-wide enactment with no identified connection to any particular area of federal law. DOMA writes inequality into the entire United States Code. The particular case at hand concerns the estate tax, but DOMA is more than a simple determination of what should or should not be allowed as an estate tax refund. Among the over 1,000 statutes and numerous federal regulations that DOMA controls are laws pertaining to Social Security, housing, taxes, criminal sanctions, copyright, and veterans' benefits.

*United States v. Windsor*, 570 U.S. 12 (2013).

16.     The IRS has stated in a 2013 Revenue Ruling, shortly after the Supreme

Court decision in *Windsor*, 570 U.S. 12 (2013), "[f]or Federal tax purposes, the terms

'spouse,' 'husband and wife,' 'husband,' and 'wife' include an individual married to a

person of the same sex if the individuals are lawfully married under state law, and the

term 'marriage' includes such a marriage between individuals of the same sex." Rev.

Rul. 2013-17, 2013-38 I.R.B. 201.

17.     Further, in the same 2013 Revenue Ruling, the IRS states that taxpayers

may retroactively rely on this Revenue Ruling:

> Except as provided below, affected taxpayers also may rely on this
> revenue ruling for the purpose of filing original returns, amended returns,
> adjusted returns, or claims for credit or refund for any overpayment of tax
> resulting from these holdings, provided the applicable limitations period
> for filing such claim under section 6511 has not expired. If an affected
> taxpayer files an original return, amended return, adjusted return, or claim
> for credit or refund in reliance on this revenue ruling, all items required to
> be reported on the return or claim that are affected by the marital status of
> the taxpayer must be adjusted to be consistent with the marital status
> reported on the return or claim.
>
> Taxpayers may rely (subject to the conditions in the preceding paragraph
> regarding the applicable limitations period and consistency within the
> return or claim) on this revenue ruling retroactively with respect to any
> employee benefit plan or arrangement or any benefit provided thereunder
> only for purposes of filing original returns, amended returns, adjusted
> returns, or claims for credit or refund of an overpayment of tax concerning
> employment tax and income tax with respect to employer-provided health
> coverage benefits or fringe benefits that were provided by the employer
> and are excludable from income under sections 106, 117(d), 119, 129, or
> 132 based on an individual's marital status. For purposes of the preceding
> sentence, if an employee made a pre-tax salary-reduction election for
> health coverage under a section 125 cafeteria plan sponsored by an
> employer and also elected to provide health coverage for a same-sex
> spouse on an after-tax basis under a group health plan sponsored by that
> employer, an affected taxpayer may treat the amounts that were paid by the
> employee for the coverage of the same-sex spouse on an after-tax basis

as pre-tax salary reduction amounts.

Rev. Rul. 2013-17, 2013-38 I.R.B. 201.

18.     Although plaintiffs are similarly situated to all other married persons in the Commonwealth of Massachusetts, DOMA, 1 U.S.C. § 7, continues to intrude into their marriage, severing their marriage into "federal" and "state" components, and erasing their marriage in the eyes of the IRS.

19.     DOMA, 1 U.S.C. § 7, required plaintiffs to deny the existence of their family and the nature of their familial relationship. For example, DOMA, 1 U.S.C. § 7, forced plaintiffs to misstate their actual marital status and describe themselves as "unmarried," or "single," or "head of household" to United States government officials and on United States government forms on pain of civil or criminal sanctions. Federal income tax law requires income tax returns to be signed under pains and penalties of perjury, 26 U.S.C. § 7206, but DOMA, 1 U.S.C. § 7, forced the plaintiffs to make blatant misrepresentations about their families and their marital status.

20.     The requirement, imposed by DOMA, 1 U.S.C. § 7, that plaintiffs inaccurately identify their marital status as "single" or "unmarried" in federal contexts, even though they are legally married, burdens and stigmatizes their family relationships.

21.     As a sovereign state of the United States of America, the Commonwealth of Massachusetts has, since its ratification of the United States Constitution and, indeed, before then, exclusively established and ordained the legal requirements for civil marriage within their sovereign jurisdiction and the circumstances for recognizing a marriage performed outside of Massachusetts.

22.     Effective May 17, 2004, same sex couples who otherwise complied with the requirements for obtaining a marriage license in the Commonwealth of Massachusetts

were and are entitled to marry under the law of the State. The Commonwealth also recognized and recognizes marriages of same sex couples performed outside of Massachusetts, such as in Canada.

23.    Since 2004, the Commonwealth of Massachusetts, pursuant to the Constitution of Massachusetts, has created, established, and a recognized a single marital status this is available to every qualifying couple, whether same sex or opposite sex, i.e., regardless of the sex of the two parties to the marriage.

24.    Plaintiffs are similarly situated to persons married to individuals of a different sex and, under Massachusetts law, are accorded the same status, responsibilities, and protections as other married persons. The IRS however, is treating same sex and opposite sex couples who are married differently.

<u>Facts Particular To Plaintiffs</u>

25.    Plaintiff Daniel Austin Horowitz ("Austin"), now age 35, is an aviation consultant.

26.    Plaintiff Mark C. Vigorito ("Mark"), now age 36, is a homemaker.

27.    Austin and Mark met in 2003, when Mark lived in Arlington, Massachusetts and Daniel was a graduate student at the Massachusetts Institute of Technology. Austin was scheduled to begin a new job in California in early 2004, and they moved together to San Francisco, California in December 2003. They have lived together as a couple ever since.

28.    After returning to Massachusetts in 2007, Austin and Mark were married on June 19, 2008 at City Hall in Woburn, Massachusetts. The Massachusetts Supreme Judicial Court decided *Goodridge v. Department of Public Health* in November 2003.

Same sex couples began marrying on May 17, 2004. Austin and Mark registered their marriage at Woburn City Hall, pursuant to M.G.L. c. 207, section 36.

29.    Austin and Mark purchased a home together in September 2008, in Mansfield, Massachusetts.

30.    After careful consideration and with much joy, Austin and Mark brought children into their lives. They first welcomed their sons, A. V. and J. V., as foster children in June 2010.

31.    Austin and Mark were happy to adopt their sons in March 2011.

32.    Despite their status as legally married, Austin and Mark did not file their annual federal income tax return as Married Filing Jointly in 2008 because of the federal government's non-recognition of the marriage pursuant to DOMA, 1 U.S.C. § 7. Instead, DOMA required that they file two separate 2008 federal tax returns as if they were unmarried. Following DOMA, Austin's original 2008 federal return filing status was Single and Mark's was Single.

33.    On or about April 2, 2012, Plaintiffs filed an amended federal income tax return for the 2008 tax year, changing their filing status to Married Filing Jointly. The amended return claimed a refund of $4,100 in federal income tax and $411.52 in employee-paid Federal Insurance Contributions Act (FICA) taxes.

34.    Plaintiffs' amended 2008 federal income tax return attached a written statement titled "Attachment to Form 1040X, Part III, Explanation of Changes; Form 4852, Substitute for Form W-2, Wage and Tax Statement; Form 843, Claim for Refund and Request for Abatement; Form 8275-R, Regulation Disclosure Statement; 2008 Tax Year," a Form 4852 reflecting changes to Austin's Form W-2 as issued by his employer to reflect the tax-exempt nature of certain spousal benefits, a Form 843, to claim a refund on

**employee-paid FICA taxes, and a Form 8275-R, Regulation Disclosure Statement, in order to explain the grounds for their refund claim and the differences from their separate federal income tax returns, and to avoid any penalties. The written statement states:**

**REFUND CLAIM BASED ON UNCONSTITUTIONALITY
OF THE "DEFENSE OF MARRIAGE ACT"**

**The taxpayer, Daniel A. Horowitz (SSN ###-##-####), a spouse in a same-sex couple, was married under the laws of Massachusetts as of December 31, 2008. For the tax year of this amended return, taxpayer filed a joint Massachusetts income tax return with his spouse, Mark C. Vigorito (SSN ###-##-####). However, in accordance with the federal law known as the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, the taxpayer filed an individual federal tax return as he was unmarried.**

**The taxpayer believes that being required to file as though he were unmarried amounts to unequal treatment compared to other married persons in Massachusetts. The taxpayer believes that his marriage, which is valid under Massachusetts law, should be respected for federal tax purposes, just like the Massachusetts marriages of heterosexual couples. Although this position is contrary to DOMA, the taxpayer believes that DOMA is unconstitutional and that he should be allowed to file this amended joint return with his spouse and receive the refund shown herein.**

**The taxpayer's filing position is supported by the following decisions from the U.S. District Court - District of Massachusetts: Gill v. Office of Personnel Management, 699 F. Supp. 2d 374 (D. Mass. 2010) and Commonwealth of Massachusetts v. U.S. Dept. of Health and Human Services, 698 F. Supp. 2d 234 (D. Mass. 2010). The decisions in these cases, which found Section 3 of DOMA to be unconstitutional, have been stayed pending the government's appeals to the U.S. Court of Appeals for the First Circuit.**

**Taxpayers amend their filing status from single and single respectively to married filing jointly based upon the above-identified challenge to the Defense of Marriage Act. Amounts shown in Column A of this amended return reflect the individual amounts shown on taxpayer Daniel A. Horowitz's individually filed return, as specified in the Instructions for Form 1040X (rev. December 2011), page 5. Amounts in column C reflect**

- 8 -

amounts under married filing joint status.

Taxpayers also amend their adjusted gross income as reported. Specifically, taxpayers submit Form 4852 to amend the W-2 received from employer ICF/SH-E (EIN 13-3856734) for wages and other income paid to Daniel A. Horowitz.

Specifically, taxpayers claim that $5,379.40 of the wages and other compensation reported on said W-2 are not subject to federal income taxation, nor are said wages subject to taxation under the Federal Insurance Contributions Act (FICA), based on 26 USC §§ 106 and 125, as detailed below.

$3,475.42 of the amount indicated above is imputed income from ICF/SH-E, representing the fair-market value (FMV) paid by the employer for employer-provided coverage of employee's same-sex spouse, Mark C. Vigorito, under an accident or health plan (specifically, medical and dental insurance coverage). *See* e-mail from ICF/SH-E, attached. Specifically, said wages and other compensation would not be taxable if taxpayer's marriage was respected for federal tax purposes, as the fair-market value (FMV) paid by an employer for employer-provided coverage of an employee's spouse under an accident or health plan is explicitly not taxable under 26 USC § 106. As above, although this position is contrary to DOMA, the taxpayer believes that DOMA is unconstitutional. Therefore, taxpayers have reduced the amounts shown in boxes 1, 3, and 5 of said W-2 by $3,475.42 when completing Form 4852, lines a, b, and c, to correct said W-2.

The remaining $1,903.98 of this amount indicated above is the amount paid by the employee for employer-provided coverage of employee's same-sex spouse, Mark C. Vigorito, under a cafeteria plan as defined by 26 USC § 125 (specifically, this amount was paid for medical and dental insurance coverage). *See* end-of-year pay stub, attached. Specifically, said amount would not be taxable if taxpayer's marriage was respected for federal tax purposes, as such amounts paid by an employee for employer-provided coverage of an employee's spouse under a cafeteria plan are explicitly not taxable under 26 USC § 125. As above, although this position is contrary to DOMA, the taxpayer believes that DOMA is unconstitutional. Therefore, taxpayers have further reduced the amounts shown in boxes 1, 3, and 5 of said W-2 by $1,903.98 when completing Form 4852, lines a, b, and c, to correct said W-2.

In particular, if the taxpayers were able to file as married filing jointly and otherwise have their marriage respected for federal tax purposes, the

- 9 -

taxpayers are due a net refund of $4,100.

Similarly, if the taxpayers were able to have their marriage respected for federal tax purposes, the taxpayers are due a refund of employee-paid FICA taxes in the amount of $411.52.

35.    The cover letter Austin and Mark sent with their amended 2008 return said, "We are amending our individual income tax returns for the year 2008 prospectively pending the challenge to the constitutionality of Section 3 of the Defense of Marriage Act in Gill v. Office of Personnel Management, First Circuit Nos. 10-2207 and 10-2214." The Service acted quickly, starting the clock to file this action.

36.    Plaintiffs received a notice from the IRS stating "CLAIM OF PARTIAL DISALLOWANCE" dated July 5, 2012. The letter states, in relevant part that "[w]e partially disallowed your claim because it is determined that the federal tax treatment for registered domestic partners and community property at this time only apply to the state of California. Therefore, we did not change your filing status from single to married filing joint."

37.    Austin and Mark submitted an additional written statement to the IRS on or about August 1, 2012, in reply to the Claim of Partial Disallowance, titled "Reply to Claim of Partial Disallowance (Dated July 5, 2012); File Reference #XXXXXXXXXX; 2008 Tax Year, Form 1040 (Amendment Filed April 6, 2012)." In this additional written statement, Plaintiff petitioned the Service to correct a mistake, unrelated to the present action, that the Service had made in processing Plaintiffs' amended 2008 federal income tax return, as well as a statement that Plaintiffs "explicitly preserve all protest, review, and appeal rights allowed with either the Internal Revenue Service or the United States Judiciary" with regards to the denial of change in filing status.

38.     Plaintiffs subsequently received a letter from the IRS, signed by Linda Netters, Appeals Officer, dated January 22, 2013. The letter states, in relevant part that "I have completed my review of your claim for abatement and/or refund of taxes that we have charged you. Based on the information submitted, there is no basis to allow any part of your claim. Based on the tax law that a man and woman is only recognize [sic] for the married filing jointly [sic] on a federal tax return, we will continue to disallow your claim to change to [sic] filing status to married filing jointly."

39.     On or about September 23, 2013, Austin and Mark submitted one final written statement to the IRS, titled "Reply to Denial of Appeal (Dated January 22, 2013) of Claim of Partial Disallowance (Dated July 5, 2012); File Reference #XXXXXXXXXX; 2008 Tax Year, Form 1040 (Amendment Filed April 6, 2012)." This statement cited the recent release of Revenue Ruling 2013-17, and requested that the Service reconsider the prior Claim of Partial Disallowance given the recent changes in the legal landscape.

40.     Plaintiffs have received no further written correspondence from the Service regarding the status of their amended 2008 federal income tax return.

41.     Austin and Mark had a similar experience for the 2009 tax year. Despite their status as legally married, Austin and Mark did not file their annual federal income tax return as Married Filing Jointly in 2009 because of the federal government's non-recognition of the marriage pursuant to DOMA, 1 U.S.C. § 7. Instead, DOMA required that they file two separate 2009 federal tax returns as if they were unmarried. Following DOMA, Austin's original 2009 federal return filing status was Single and Mark's was Single.

42.     On or about April 8, 2013, Plaintiffs filed an amended federal income tax return for the 2009 tax year, changing their filing status to Married Filing Jointly. The

amended return claimed a refund of $2,301 in federal income tax and $382.46 in employee-paid FICA taxes.

43.     Plaintiffs' amended 2009 federal income tax return attached a written statement titled "Attachment to Form 1040X, Part III, Explanation of Changes; Form 4852, Substitute for Form W-2, Wage and Tax Statement; Form 843, Claim for Refund and Request for Abatement; Form 8275-R, Regulation Disclosure Statement; 2009 Tax Year," a Form 4852 reflecting changes to Austin's Form W-2 as issued by his employer to reflect the tax-exempt nature of certain spousal benefits, a Form 843, to claim a refund on employee-paid FICA taxes, and a Form 8275-R, Regulation Disclosure Statement, in order to explain the grounds for their refund claim and the differences from their separate federal income tax returns, and to avoid any penalties.

44.     For about a year, plaintiffs received no notice from the Service regarding the status of their amended 2009 federal income tax return. Eventually, Plaintiffs received a copy of Form 4549, Income Tax Examination Changes, dated May 1, 2014, which indicates that IRS Examiner Kari McMahon, Employee ID 1000860333, accepted Plantiffs' amended 2009 federal income tax return as filed. However, the Service has issued no further action or notice regarding this return, and Plaintiffs are still awaiting their refund.

<u>COUNT I</u>

45.     Plaintiffs Daniel Austin Horowitz and Mark Vigorito repeat and reallege the allegations set forth in Paragraphs 1 - 44 as if fully set forth herein.

46.     This is an action for the recovery of federal income tax erroneously or illegally assessed and collected. This court has jurisdiction by reason of 28 U.S.C. §

1346(a)(1). This action also arises under 26 U.S.C. § 7422. The defendant is the United States of America.

47.     Austin and Mark seek a refund of federal income tax and employee-paid FICA taxes for the taxable year ending December 31, 2008.

48.     The IRS stated in a 1958 Revenue Ruling that for federal tax purposes an individual is married if she or he is married under local law. Rev. Rul. 58-66, 1958-1 C.B. 60.

49.     An individual who is married to a person of a different sex is not forced to file his or her federal income tax returns other than as married. Indeed, he or she is required to file in accordance with his or her legal marital status. By contrast, DOMA, 1 U.S.C. § 7, forced legally married same sex couples to disregard their marital status, which results in a different federal income tax. As a result of this disparate treatment, Austin and Mark paid $4,100 in federal income tax and $411.52 in employee-paid FICA taxes in 2008 than a similarly situated opposite sex couple would have paid.

50.     Indeed, the IRS has stated in a 2013 Revenue Ruling, shortly after the Supreme Court decision in *Windsor*, 570 U.S. 12 (2013), "For Federal tax purposes, the terms 'spouse,' 'husband and wife,' 'husband,' and 'wife' include an individual married to a person of the same sex if the individuals are lawfully married under state law, and the term 'marriage' includes such a marriage between individuals of the same sex." Rev. Rul. 2013-17, 2013-38 I.R.B. 201.

51.     Further, in the same 2013 Revenue Ruling, the IRS states that taxpayers may retroactively rely on this Revenue Ruling:

> Except as provided below, affected taxpayers also may rely on this revenue ruling for the purpose of filing original returns, amended returns, adjusted returns, or claims for credit or refund for any overpayment of tax resulting from these holdings, provided the applicable limitations period

**for filing such claim under section 6511 has not expired. If an affected taxpayer files an original return, amended return, adjusted return, or claim for credit or refund in reliance on this revenue ruling, all items required to be reported on the return or claim that are affected by the marital status of the taxpayer must be adjusted to be consistent with the marital status reported on the return or claim.**

**Taxpayers may rely (subject to the conditions in the preceding paragraph regarding the applicable limitations period and consistency within the return or claim) on this revenue ruling retroactively with respect to any employee benefit plan or arrangement or any benefit provided thereunder only for purposes of filing original returns, amended returns, adjusted returns, or claims for credit or refund of an overpayment of tax concerning employment tax and income tax with respect to employer-provided health coverage benefits or fringe benefits that were provided by the employer and are excludable from income under sections 106, 117(d), 119, 129, or 132 based on an individual's marital status. For purposes of the preceding sentence, if an employee made a pre-tax salary-reduction election for health coverage under a section 125 cafeteria plan sponsored by an employer and also elected to provide health coverage for a same-sex spouse on an after-tax basis under a group health plan sponsored by that employer, an affected taxpayer may treat the amounts that were paid by the employee for the coverage of the same-sex spouse on an after-tax basis as pre-tax salary reduction amounts.**

Rev. Rul. 2013-17, 2013-38 I.R.B. 201.

52.     **Because DOMA, 1 U.S.C. § 7, as applied by the IRS, required this disparate treatment with regard to the 2008 federal income tax filing of Austin and Mark, it creates a classification that treats similarly situated individuals differently without justification, in excess of Congressional authority in violation of the right of equal protection secured by the Fifth Amendment of the Constitution of the United States.**

53.     **An actual controversy exists between and among the parties.**

<u>**COUNT II**</u>

54.     **Plaintiffs Daniel Austin Horowitz and Mark Vigorito repeat and reallege the allegations set forth in Paragraphs 1 - 53 as if fully set forth herein.**

- 14 -

55.    This is an action for the recovery of federal income tax erroneously or illegally assessed and collected. This court has jurisdiction by reason of 28 U.S.C. § 1346(a)(1). This action also arises under 26 U.S.C. § 7422. The defendant is the United States of America.

56.    Austin and Mark seek a refund of federal income tax and employee-paid FICA taxes for the taxable year ending December 31, 2009.

57.    The IRS stated in a 1958 Revenue Ruling that for federal tax purposes an individual is married if she or he is married under local law. Rev. Rul. 58-66, 1958-1 C.B. 60.

58.    An individual who is married to a person of a different sex is not forced to file his or her federal income tax returns other than as married. Indeed, he or she is required to file in accordance with his or her legal marital status. By contrast, DOMA, 1 U.S.C. § 7, forced legally married same sex couples to disregard their marital status, which results in a different federal income tax. As a result of this disparate treatment, Austin and Mark paid $2,301 in federal income tax and $382.46 in employee-paid FICA taxes in 2009 than a similarly situated opposite sex couple would have paid.

59.    Indeed, the IRS has stated in a 2013 Revenue Ruling, shortly after the Supreme Court decision in *Windsor*, 570 U.S. 12 (2013), "For Federal tax purposes, the terms 'spouse,' 'husband and wife,' 'husband,' and 'wife' include an individual married to a person of the same sex if the individuals are lawfully married under state law, and the term 'marriage' includes such a marriage between individuals of the same sex." Rev. Rul. 2013-17, 2013-38 I.R.B. 201.

60.    Further, in the same 2013 Revenue Ruling, the IRS states that taxpayers may retroactively rely on this Revenue Ruling:

Except as provided below, affected taxpayers also may rely on this

**revenue ruling for the purpose of filing original returns, amended returns, adjusted returns, or claims for credit or refund for any overpayment of tax resulting from these holdings, provided the applicable limitations period for filing such claim under section 6511 has not expired. If an affected taxpayer files an original return, amended return, adjusted return, or claim for credit or refund in reliance on this revenue ruling, all items required to be reported on the return or claim that are affected by the marital status of the taxpayer must be adjusted to be consistent with the marital status reported on the return or claim.**

**Taxpayers may rely (subject to the conditions in the preceding paragraph regarding the applicable limitations period and consistency within the return or claim) on this revenue ruling retroactively with respect to any employee benefit plan or arrangement or any benefit provided thereunder only for purposes of filing original returns, amended returns, adjusted returns, or claims for credit or refund of an overpayment of tax concerning employment tax and income tax with respect to employer-provided health coverage benefits or fringe benefits that were provided by the employer and are excludable from income under sections 106, 117(d), 119, 129, or 132 based on an individual's marital status. For purposes of the preceding sentence, if an employee made a pre-tax salary-reduction election for health coverage under a section 125 cafeteria plan sponsored by an employer and also elected to provide health coverage for a same-sex spouse on an after-tax basis under a group health plan sponsored by that employer, an affected taxpayer may treat the amounts that were paid by the employee for the coverage of the same-sex spouse on an after-tax basis as pre-tax salary reduction amounts.**

Rev. Rul. 2013-17, 2013-38 I.R.B. 201.

      61.     Because DOMA, 1 U.S.C. § 7, as applied by the IRS, required this disparate

treatment with regard to the 2008 federal income tax filing of Austin and Mark, it creates

a classification that treats similarly situated individuals differently without justification, in

excess of Congressional authority in violation of the right of equal protection secured

by the Fifth Amendment of the Constitution of the United States.

      62.     An actual controversy exists between and among the parties.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

1.      Declare the actions of the Internal Revenue Service unconstitutional as applied to the plaintiffs.

2.      Enjoin the defendant from continuing to discriminate against the plaintiffs by treating them differently from similarly situated individuals who are married to persons of a different sex.

3.      Permanently enjoin the defendants Secretary of the Treasury and the Commissioner of Internal Revenue Service from administering and interpreting §§ 401(a) and 401(h) of the Internal Revenue Code in contradiction to the Court's declaration in Prayer 2.

4.      Award plaintiffs Daniel Austin Horowitz and Mark Vigorito judgment in the amount of $7,194.98 ($4,100 in federal income tax and $411.52 in employee-paid FICA tax for the tax year 2008, and $2,301 in federal income tax and $382.46 in employee-paid FICA tax for the tax year 2009), plus interest and costs allowed by law, and such other relief as this Court may deem just, including the award of reasonable litigation costs incurred in this proceeding under 26 U.S.C. § 7430.

5.      Award attorney's fees (if applicable) and costs to plaintiffs pursuant to 28 U.S.C. § 2412 or any other applicable statutory provision.

6.      Grant such other relief as is just and appropriate.

Respectfully submitted,

DANIEL AUSTIN HOROWITZ &
MARK C. VIGORITO,

By Daniel Austin Horowitz, *pro se*

Daniel Austin Horowitz
dahorowitz@gmail.com
539 North Main Street
Mansfield, MA 02048
(508) 203-1203


By Mark C. Vigorito, *pro se*

Mark C. Vigorito
markcv@gmail.com
539 North Main Street
Mansfield, MA 02048
(508) 964-0496

DATED: July 2, 2014

- 18 -